The Chicago, St. Louis and Pittsburg Railroad Company

*v.*

Alfred H. Gross, Admr.

*Filed at Ottawa May 14, 1890.*

1. Practice—*directing what the verdict shall be.* Where there is evidence sufficient for the consideration of the jury in an action against a railway company to recover for a personal injury resulting from negligence, it will not be error for the court to refuse to exclude it from the jury on defendant's motion, and instruct them to find for the defendant.

2. Appeal *from Appellate Court—presumption in support of the action of that court.* On affirmance of the judgment of the trial court by the Appellate Court, it will be presumed that the latter court did decide that the verdict was not against the law of the case and the instructions of the court.

3. So where there is no right of review of the decision of the Appellate Court, the decision of that court as to how much and what investigation was required in a particular case, must necessarily rest in the court itself. When it has decided, it will be presumed it has done all that is required in order to decide correctly, and this can not be rebutted.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. Frank Baker, Judge, presiding.

Mr. George Willard, for the appellant:

The Appellate Court should have reversed the judgment of the trial court, as there was not evidence enough to justify the verdict.

The Appellate Court ought to have decided whether the verdict was against the law of the case and the instructions of the court. *Booth* v. *Hynes,* 54 Ill. 363.

Messrs. Hynes & Dunne, and Messrs. Duncan & Gilbert, for the appellee.

Mr. Justice Scholfield delivered the opinion of the Court:

This was an action for personal injuries, resulting from negligence. Appellee's intestate, while in the employ of appellant, and engaged in taking up old rails and replacing them with new rails, was struck by one of appellant's engines, causing injuries which in a few days resulted in his death.

Two grounds are urged for the reversal of the judgment below. The first is, that the Appellate Court should have reversed the judgment of the trial court because the deceased received timely warning of the approach of the locomotive. This was a disputed point. There is evidence that Phillips, who was the boss of the gang in which the deceased was working, repeatedly informed the men—and this included the deceased—that they should pay no attention to the trains, but go on with their work. There was evidence sufficient for the consideration of the jury upon this point, and it was therefore not error for the court to refuse to exclude it from their consideration, and to refuse to instruct them to find for appellant. *Bartelott* v. *International Bank*, 119 Ill. 259.

The second ground of reversal urged is, that "the Appellate Court ought to have decided whether the verdict was against the law of the case and the instructions of the court." It is to be presumed that it did decide this. It held that there was no error in the rulings of the trial court, and affirmed its judgment.

The real complaint is, that the Appellate Court did not give the evidence in the record sufficient consideration. But this is a question over which we have no control. Under the law, its decision upon controverted facts is not the subject of review in this court. Where there is no right of review, the decision of the court as to how much and what investigation is required in a particular case must necessarily rest with the court itself. When it has decided, it is presumed that it has done all that is required in order that it may decide, and this

can not be rebutted. In the case cited by counsel—*Booth* v. *Hynes*, 54 Ill. 363—the question of fact was reviewable in this court, and so it is not analogous.

The judgment is affirmed.

*Judgment affirmed.*